IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TAMMY RENEE SAVAGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. _____ |
| | § | |
| CESAR CORRAL-PARRA | § | |
| and CORRAL TRUCKING, LLC, a Colorado | § | |
| Limited Liability Company, | § | |
| | § | |
| Defendants. | § | |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Tammy Renee Savage, Plaintiff, complaining of Cesar Corral-Parra and Corral Trucking, LLC and for cause of action would show this Honorable Court as follows:

PARTIES

1. The Plaintiff is an individual residing in Amarillo, Potter County, Texas.

2. Defendant Cesar Corral-Parra ("Corral") is an individual residing at 2595 Wooddale Road, Space/Lot 35, Colorado Springs, Colorado 80906, where service of process may be had.

3. Defendant Corral Trucking, LLC ("Corral Trucking") is a Colorado Limited Liability Company, with its principal place of business and registered office located at 2595 Wooddale Road, Space/Lot 35, Colorado Springs, Colorado 80906, where service of process may be had.

JURISDICTION

4.      Plaintiff is a citizen of the State of Texas.  The Defendant Corral is a citizen of the State of Colorado and Defendant Corral Trucking is a business entity with its principal place of business in the State of Colorado.  This Court has diversity jurisdiction in this action pursuant to 28 U.S.C. §1332(a)(1).  The amount in controversy exceeds $75,000.00 (exclusive of interest and costs), and there is complete diversity of parties.

VENUE

5.      Venue is proper in the Northern District of Texas, Amarillo Division, pursuant to 28 U.S.C. §1391(b)(2) because the actions complained of herein occurred in Potter County, Texas, within the Northern District of Texas, Amarillo Division.

FACTUAL ALLEGATIONS

6.      On or about April 05, 2016, Plaintiff was the driver of a vehicle on eastbound on East Amarillo Boulevard, stopped at the traffic-controlled intersection of East Amarillo Boulevard and North Taylor Street. As the steady, red traffic control device indicator turned green, Plaintiff began to travel east, into the intersection, where a semi-tractor/trailer being driven by Defendant Corral, acting in the course and scope of his employment for Defendant Corral Trucking, traveling southbound on North Taylor Street disregarded the red traffic control device indicator and entered into the intersection and collided with Plaintiff's vehicle, making impact with the front passenger-side of Plaintiff's vehicle.  As a result of the accident, Plaintiff has suffered damages as set out below.

NEGLIGENCE AS TO DEFENDANT CORRAL TRUCKING, LLC

7.      Plaintiff will show that Defendant Corral Trucking was negligent in hiring, training, retaining, and supervising its employees. Defendant Corral Trucking owed Plaintiff a legal duty to hire, supervise, train, and retain competent employees. It breached that duty

through the employment of Defendant Corral, who was working and on the job at the time of the collision; when Defendant Corral Trucking failed to train its employee to safely operate a motor vehicle. Such negligence by Defendant Corral Trucking was the sole proximate cause, or in the alternative a proximate cause of the occurrence in question and Plaintiff's injuries.

### RESPONDEAT SUPERIOR

8. At all times during the commission of the acts and/or omissions which gave rise to this lawsuit, Defendant Corral Trucking's employee's negligent acts and omissions were committed in the furtherance of his employer's business objective and within the course and scope of his employment with Corral Trucking. Accordingly, the acts and/or omissions of Corral Trucking's employee Corral are imputed to Defendant Corral Trucking under the legal theory of *respondeat superior*.

### AGENCY

9. The acts and/or omissions complained of herein, and acts and/or omissions committed by employees, agents, or representative of Defendant Corral Trucking, occurred within the scope of the actual or apparent authority of Defendant's employees on behalf of Corral Trucking. Defendant Corral Trucking is therefore liable to Plaintiff for the acts and/or omissions of its employees by virtue of such agency relationship.

### NEGLIGENCE OF DEFENDANT CESAR CORRAL-PARRA

10. On the occasion in question, Defendant Corral operated the vehicle in a negligent manner, in that he violated the duty which he owed Plaintiff to exercise ordinary care in the operation and control of the motor vehicle in one or more of the following particulars:

    a. In failing to keep a proper lookout for other vehicles;

  b. In failing to control the speed of his vehicle;

  c. In failing to yield right of way to Plaintiff who had the green light;

  d. In failing to make a proper application of the brakes to ensure that his vehicle did not collide with other vehicles;

  e. In failing to take proper evasive action to avoid the collision in question;

  f. In failing to exercise the degree of care that a reasonably prudent person would have used under the same or similar circumstances.

  11. Additionally, Defendant Corral violated both §544.004 and §544.007(d) of the TEXAS TRANSPORTATION CODE, entitled "Compliance with Traffic-Control Device" and "Traffic-Control Signals in General" respectively, by failing to stop at the steady red signal of the traffic control device at the intersection of East Amarillo Boulevard and North Taylor Street in Amarillo and proceeding into the intersection. This violation constitutes negligence per se.

  12. Each of these acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

## DAMAGES

  13. As a direct and proximate result of the negligence of the Defendants, Plaintiff has suffered substantial injuries. As a result of these injuries, Plaintiff Tammy Renee Savage is entitled to the following damages:

  a. Past and future physical pain and mental anguish;

  b. Reasonable and necessary medical expenses incurred in the past and which are likely to be incurred in the future;

  c. Past and future physical impairment;

    d. Disfigurement; and

    e. Loss of wages and wage earning capacity sustained in the past and loss of earning capacity that, in reasonable probability, will be sustained in the future.

### PRE-JUDGMENT AND POST-JUDGMENT INTEREST

14. Plaintiff claims prejudgment and post-judgment interest on the damages she has suffered as a result of the incident in question.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays the Defendants be cited to appear and answer herein, and upon final trial of this cause that the Plaintiff have judgment against the Defendants, for the damages described herein, in an amount in excess of the minimum jurisdictional limits of this Court, for costs of suit, interest at the highest lawful rate from the earliest time allowed by law until judgement, post-judgment interest at the highest lawful rate, and for such other and further relief at law or in equity, to which the Plaintiff may show herself justly entitled.

Respectfully submitted,

/s/ Robert L. Templeton
ROBERT L. TEMPLETON
State Bar No. 19771000
robert@tshhr.com
ROBERT L. TEMPLETON & ASSOCIATES, PC
320 S. Polk, Suite 1000
Amarillo, Texas 79101
Telephone No. (806) 324-0324
Facsimile No. (806) 379-8568

ATTORNEY FOR THE PLAINTIFF